IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

SCOTT THACKERSON and DONNA
THACKERSON,

    Plaintiffs,

vs.                                   CASE NO. CV-00-J-1487-J

TRUCKS, TRUCKS, TRUCKS, INC.,

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 5), to which the plaintiffs submitted an opposition (doc. 9) and a brief in opposition, and the defendant thereafter submitted a reply. The court has reviewed all of the pleadings and briefs in support of and in opposition to the motion for summary judgment.

### I. Factual Background

This case was originally filed in the Circuit Court of Walker County and removed to this court by the defendant (doc.1). The plaintiffs' complaint alleges that the defendant "breached its express and implied warranty" by selling the plaintiffs a Chevrolet "not fit for the purposes for which such vehicles are sold or leased" and "failing adequately to correct the problems, defects and nonconformities."[1] Complaint at ¶ 10. The plaintiffs further sue

---

[1] The complaint is brought on behalf of Scott and Donna Thackerson. While all claims are stated in the plural, the court finds that Scott Thackerson signed and submitted an affidavit in which he states that **he** purchased a vehicle from defendant. Plaintiff's affidavit at ¶ 2. As such, this court considers only Scott Thackerson as a party in interest, as plaintiff Donna Thackerson was apparently not part of, or even a witness to the events at issue in this case.

for breach of express warranties under the Magnuson-Moss Warranty Act (the "Act"), 15 U.S.C. § 2301, *et seq.* Complaint at ¶ 16. The plaintiffs also claim the defendant's limitation or disclaimer of implied warranties violates § 2308(b) of the Act. Complaint at ¶ 16.

The defendant filed a motion for summary judgment alleging that Scott Thackerson purchased a 1995 Chevrolet from it and that such sale was "as is". The Bill of Sale states in large letters at the top of the document that the vehicle is being sold "as is". The same document also states that the sale is "as is" immediately above the "buyer's signature" line. *See* Exhibit A to the affidavit of Ricky Warren (the owner of the defendant company). Thus, the defendant alleges that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

### III. Legal Analysis

In the light most favorable to the non-moving party, the court finds that the facts of this case are not in dispute. The parties agree that the plaintiff Scott Thackerson purchased a used Chevrolet pick-up truck from the defendant. The plaintiffs allege Scott Thackerson was told this vehicle was in "good condition". Affidavit of Thackerson at ¶ 2. The

defendant does not dispute that this statement was made. Rather, the defendant argues that as a matter of law, this statement does not rise to the level of an express warranty but is simply an opinion about the vehicle. The plaintiffs state the truck was not in "good" condition as it had been previously wrecked. However, the plaintiffs failed to submit any evidence that the vehicle had ever been wrecked, or even that it was not in good condition.[2] The only specific allegation of problems with the vehicle by plaintiffs is that Mr. Thackerson had to buy new tires for the truck because of poor alignment caused by the previous wrecking of the vehicle.[3]

## The Breach of Warranty Claims

The bill of sale signed by plaintiff Scott Thackerson clearly states, in big, bold letters at the top of the form, that the sale is "as is". Further, directly above where he signed this document, the following appears:

> This "as is" used retail buyers order is an offer by me to purchase the vehicle described herein on the terms and conditions as specified. Upon acceptance of my offer by the sales manager or other authorized representative of Trucks,

---

[2] The plaintiffs do not state a claim for misrepresentation. While the plaintiffs argue in their opposition that "[i]ssues of general matters of fact exist" and that the court should set the motion "for hearing at such time when adequate discovery can be completed in regard to the matters of fact in this cause", this court finds that any documentation that the truck was not in the condition the plaintiff expected and that the plaintiff had to have "numerous repairs" undertaken should already be in the plaintiff's possession. Further, this court finds that such statements are wholly insufficient under Rule 56(e), Fed.R.Civ.P. to preclude summary judgment being entered against them.

[3] Again, no evidence in support of this allegation had been submitted to the court. Similarly, no evidence as to whether having a routine alignment done could cure this, or whether the same has been attempted, has been submitted. In other words, no evidence that any problem with the vehicle actually exists has even been offered by the plaintiff, although common sense dictates such evidence, if any exists, should be within the possession of the plaintiff.

> Trucks, Trucks, Inc., this document shall become a binding and enforceable sale.

Exhibit A to affidavit of Warren. The plaintiffs do not allege that any of the information about the vehicle stated on the Bill of Sale is not true.

The plaintiffs allege they are entitled to damages listed under § 7-2-714 and § 7-2-715, Code of Alabama 1975, as amended. However, neither of these Code sections create a cause of action. Rather, they both detail what damages are available under the Alabama Uniform Commercial Code. Plaintiff's complaint states:

> Plaintiffs aver that any limitation of remedies (including but not limited to limitations or exclusions of incidental and/or consequential damages) contained in any of Defendant's warranties is unconscionable.

Plaintiffs' complaint at ¶ 7. The plaintiffs offer no law, evidence, or even theory under which this statement is offered.

The court finds that the Alabama Uniform Commercial Code does allow for limitation of implied warranties, by the following language in § 7-2-316, Code of Alabama 1975, as amended:

> (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
>
> (3) Notwithstanding subsection (2);
>     (a) Unless the circumstances indicate otherwise, all implied warranties are excluded by common expressions like "as is," "with all faults" or other language which in common

5

> understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and
> (b) When the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him...

Section 7-2-316, Ala.Code. The official comment to this section further explains:

> The exceptions to the general rule set forth in subsection (3)(a) [and] (b) ... are common factual situations in which the circumstances surrounding the transaction are in themselves sufficient to call a buyer's attention to the fact that no implied warranties are made ...
>
> Subsection (3)(a) deals with general terms such as "as is" .... Such terms in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved....

Official Comment to § 7-2-316 at ¶¶ 6-7.

In *Ex parte General Motors Corp.*, 1999 WL 754213 (Ala.1999), the Court acknowledged that the implied warranties given under § 7-2-315, Ala.Code, are negatable by § 7-2-316.[4] The Alabama Court of Civil Appeals has stated that an express "as is" provision negates any implication that implied warranties were created. *See e.g. Gable v. Boles,* 718 So.2d 68, 71 (Ala.Civ.App.1998). This court finds, as a matter of law, no implied warranties were created by the plaintiffs' purchase of this vehicle.

---

[4]The Court also required the buyer to produce evidence that the seller knew the buyer was relying on the dealership's skill before finding an implied warranty was breached. *Ex parte General Motors*, 1999 WL 754213 at 8. The court here notes only that any such evidence is lacking.

The plaintiffs also allege express warranties were created by their purchase of this vehicle.[5] The Alabama Supreme Court has held that the failure to provide any evidence of an express warranty is fatal to a claim for breach of warranty. *Ex parte General Motors Corp., supra,* at 6. Assuming Mr. Thackerson was told that the truck he purchased was in "good condition", he has not offered any evidence to establish such a statement was offered by the defendant as a representation of fact and not a mere statement of opinion amounting to nothing more than sales talk or "puffery". Although alleged more often in the fraud or misrepresentation context, the court finds that under Alabama law, the plaintiff must make the showing that any such statements were indeed representations of fact. *See Boles*, 718 So.2d at 70; citing *McGowan v. Chrysler Corp.*, 631 So.2d 842 (Ala.1993). This court finds a substantial amount of legal precedent to support the conclusion that the representation a vehicle is in "good" condition is mere puffery. *See Boles*, 718 So.2d at 70-71 (citations omitted).

An "as is" clause does not defeat an express warranty. *Boles*, 718 So.2d at 71; citing *Tiger Motor Co. v. McMurty*, 284 Ala. 283, 290, 224 So.2d 534, 644 (1969). However, statements to the effect that a car is in "good" condition do not create an express warranty either. Rather, claims based on such statements are based in fraud, and not breach of warranty claims. *Jones v. Mace*, 550 So.2d 431, 432 (Ala.Civ.App.1989). *See also Curry*

---

[5]*See e.g.*, complaint at ¶ 10, alleging that the defendant breached its express warranty, although the plaintiffs do not allege that any express warranty was made. Beyond their allegations that Mr. Thackerson was told by defendant that the vehicle was in good condition and "fit for the driving he would be doing", this court finds no allegation by the plaintiffs that any warranty existed.

*Motors v. Hasty*, 505 So.2d 347 (Ala.1987).  The plaintiffs have not alleged any claim for fraud.[6]

### The Magnuson-Moss Warranty Act Claims

The plaintiffs also allege claims under the Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C. § 2301, *et seq*.  The plaintiffs allege that the inclusion of "as is" language violates the Act.  Complaint at ¶ 17.  The court finds no legal support for this theory.  The issue of whether an "as is" clause negates a breach of warranty claim both under state law and the Act was addressed in *Pratt v. Colonial-Sales-Lease Rental, Inc.*, 799 F.Supp. 1132 (N.D.Ala.1992).  The court there states that oral representations are not covered by the Act when the sale is "as is".  *Pratt*, 799 F.Supp. at 1134.  The court held "no claims for breach of warranty can spring from an "as is" sale. *Id*.

The Act states that "implied warranties may be limited in duration...." 15 U.S.C. § 2308(b).  The Act further states that when a warranty is given, the conditions of the warranty must be clearly stated and available to customers in order for the seller to rely on the conditions limiting a warranty. Nowhere does the Act state that a seller cannot eliminate all warranties through an "as is" sale. "The thrust of the Act is disclosure. 'In order to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products,' the Act requires that 'any warrantor

---

[6] The court notes that even if such claim had been alleged by the plaintiffs, no evidence has been offered that the truck is not in "good" condition or "suitable for the driving he would be doing". As such, if such a claim had been stated, based on the evidence and pleadings before the court, summary judgment would be granted on any such fraud claim.

warranting a consumer product' must 'fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty.' 15 U.S.C. § 2302(a)." The Act does not require that a warranty be provided, but mandates that if one is given, it not be misleading. *Motor Vehicle Manufacturers Asso. v. Abrams*, 899 F.2d 1315, 1317 (2nd Cir. 1990).

The court finds that the plaintiffs' claim under the Magnuson-Moss Act fails to state a claim upon which relief can be granted as a matter of law.

## IV. Conclusion

The plaintiffs have wholly failed to present any evidence to this court which supports their claims that warranties were created by plaintiff Scott Thackerson's purchase of an "as is" vehicle. The plaintiffs have also failed to provide any legal support for their allegations that the defendant violated the Magnuson-Moss Act. The court finds that the defendant is entitled to judgment as a matter of law as there are no genuine issues of material fact. Therefore, the Court **GRANTS** the defendant's motion for summary judgment on all counts of the plaintiffs' complaint.

**DONE** and **ORDERED** this the 15 day of August, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE